UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-23843 GAYLES/Otazo-Reyes

ANDRES GOMEZ, Individually,  :
:
      Plaintiffs,  :
:
v.  :
:
THE KNIFE MANAGEMENT, LLC a Florida  :
Limited Liability Company, and CARMA, LLC, a :
Florida Limited Liability Company, d/b/a THE  :
KNIFE STEAKHOUSE,  :
:
      Defendant(s).  :
_____/

**AMENDED COMPLAINT**
**(Injunctive Relief Demanded)**

Plaintiff, ANDRES GOMEZ, individually, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, THE KNIFE MANAGEMENT, LLC, ("Knife Management") a Florida Limited Liability Company, and CARMA, LLC, ("Carma") a Florida Limited Liability Company, d/b/a THE KNIFE STEAKHOUSE (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff is a Florida resident, lives in Miami-Dade County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is blind and therefore unable to fully engage in and enjoy the major life activity of seeing.

    2.    Plaintiff also utilizes the internet. Plaintiff is unable to read computer materials and/or access and comprehend internet website information without software specially designed for

the visually impaired. Specifically, Plaintiff utilizes the JAWS Screen Reader software, which is one of the most popular reader Screen Reader Software ("SRS") utilized worldwide.

3. Plaintiff is also an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and/or their websites are in compliance with the ADA.

4. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendants own, operate, or lease is a chain of restaurants throughout the United States, the State of Florida, and Miami-Dade County.

5. Subsequent to the effective date of the ADA, Carma constructed, or caused to be constructed, a website located at www.thekniferestaurant.com (hereinafter "Website"). Carma either owns, operates, or leases to others the Website. Knife Management is an affiliate or subsidiary of Carma and either operates or leases the Website. This website supports, is an extension of, is in conjunction with, is complementary and supplemental to, the above-referenced public accommodation. This website provides information about Defendants' public accommodation, including information about the goods, services, accommodations, privileges, benefits and facilities available to patrons. On information and belief, Carma also continually and/or periodically updates and maintains the website, and Knife Management directs the maintenance and update of the Website as it pertains to its place of public accommodation.

6. Venue is lies in the SOUTHERN DISTRICT OF FLORIDA pursuant to 28 U.S.C. § 1391(b), and Local Rule 3.1, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

7. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

8. The Website is an extension of the Defendants' place of public accommodation. By and through this Website, Defendants extend their public accommodation into individual persons' homes and personal computers wherever located.  The Website is a service, facility, privilege, advantage, benefit and accommodation of the Defendants' place of accommodation.  The Website also provides access to the goods, services, facilities, privileges, advantages or accommodations of the place of public accommodation.  As such, the Website is governed by the following provisions:

    a. 42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

    b. 42 U.S.C. Section 12182(b)(1)(A)(i) provides: "It shall be discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity[.]"

    c. 42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals[.]"

      d.      42 U.S.C. Section 12182(b)(1)(A)(ii) provides: "It shall be discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others[.]"

      e.      42 U.S.C. Section 12182(b)(1)(B) provides: "Goods, services, facilities, privileges, advantages, and accommodations shall be afforded to an individual with a disability in the most integrated setting appropriate to the needs of the individual."

      f.      42 U.S.C. Section 12182(b)(1)(C) provides: "Notwithstanding the existence of separate or different programs or activities provided in accordance with this section, an individual with a disability shall not be denied the opportunity to participate in such programs or activities that are not separate or different."

      g.      42 U.S.C. Section 12182(b)(2)(ii) describes as discrimination: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]"

      h.      42 U.S.C. Section 12182(b)(2)(iii) describes as discrimination: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because

of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden[.]"

9. As the owner, operator or lessee of the subject Website, each Defendant is required to comply with the ADA and the provisions cited above. This includes an obligation to create and maintain a Website that is accessible to and usable by visually impaired persons so that they can enjoy full and equal access to the Website and the content therein.

10. Plaintiff attempted to access and/or utilize Defendants' Website, but was unable to, and continues to be unable to, enjoy full and equal access to the Website and/or understand the content therein because numerous portions of the Website do not interface with and are not readable by SRS. More specifically, features of the Website that are inaccessible to the visually impaired include, but are not limited to, the following:

> Defendants' website contains graphics, links, headings, forms and text with information that is not fully readable and/or compatible with SRS.

11. As more specifically set forth above, Defendants have violated the above cited provisions of the ADA by failing to interface their Website with software utilized by visually impaired individuals. Thus, Defendants have violated the following provisions either directly or through contractual, licensing or other arrangements with respect to Plaintiff and other similarly situated individuals on the basis of their disability:

> a. by depriving them of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation (42 U.S.C. Section 12182(a));

      b.    in the denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. Section 12182(b)(1)(A)(i));

      c.    in affording them the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals (42 U.S.C. Section 12182(b)(1)(A)(ii) );

      d.    by providing them a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others (42 U.S.C. Section 12182(b)(1)(A)(iii));

      e.    by failing to afford them goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to the needs of the individual (42 U.S.C. Section 12182(b)(1)(B));

      f.    notwithstanding the existence of separate or different programs or activities provided in accordance with this section, by denying them the opportunity to participate in such programs or activities that are not separate or different. (42 U.S.C. Section 12182(b)(1)(C));

      g.    by a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of

such goods, services, facilities, privileges, advantages, or accommodations (42 U.S.C. Section 12182(b)(2)(ii));

    h.    by a failure to take such steps as may be necessary to ensure that they are not excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden (42 U.S.C. Section 12182(b)(2)(iii)).

12.    Plaintiff continues to attempt to utilize the Website and/or plans to continue to attempt to utilize the Website in the near future. In the alternative, Plaintiff intends to monitor the Website in the near future, as a tester, to ascertain whether it has been updated to interface properly with SRS.

13.    Plaintiff is continuously aware of the violations at the Defendants' Website and is aware that it would be a futile gesture to attempt to utilize the Website as long as those violations exist unless he is willing to suffer additional discrimination.

14.    Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at the Defendants' Website. By continuing to operate its Website with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' Website, and knowing that it would be a futile gesture to attempt to utilize the Website unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily

available to the general public and is deterred and discouraged from doing so. By maintaining a website with violations, Defendants deprive Plaintiff the equality of opportunity offered to the general public.

15. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

16. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this Website as described above. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to access the Website to avail himself of the benefits, advantages, goods and services therein, and/or to assure himself that this website is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the Website without fear of discrimination.

17. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter their Website to make it readily accessible to and usable by Plaintiff and other persons with vision impairment.

20.     As a result of the foregoing, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs and litigation expenses paid by Defendant pursuant to 42 U.S.C. Section 12205.

WHEREFORE, Plaintiff respectfully requests:

   a.    That the Court issue a Declaratory Judgment that determines that the Defendants' Website at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

   b.    That the Court issue a Declaratory Judgment that determines that the Defendants' Website is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.;

   c.    That the Court issue a Declaratory Judgment that Defendants have violated the ADA by failing to monitor and maintain their Website to ensure that it is readily accessible to and usable by persons with vision impairment;

   d.    That the Court issue an Order directing Defendants to alter their Website to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

   e.    That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

   f.    That the Court enter an Order directing Defendants to continually update and maintain their Website to ensure that it remains fully accessible to and usable by visually impaired individuals;

  g. That the Court enter an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

  h. For any such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

        Respectfully Submitted,

        Attorneys for Plaintiff

        Kathy L. Houston, Esq., Of Counsel
        Thomas B. Bacon, P.A.
        15321 S. Dixie Hwy., Suite 205
        Miami, FL  33157
        Phone:  (305) 420-6609
        Fax:  (786) 441-4416
        eService:  houston@thomasbaconlaw.com

         /s/ Kathy L. Houston
        Kathy L. Houston, Esq.
        FBN:  56042
        Thomas B. Bacon, P.A.
        644 North Mc Donald St.
        Mt. Dora, FL 32757

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that the foregoing document is being served this 20th day of June, 2018, on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

| | |
|---|---|
| Thomas B. Bacon, Esq. | Jonathan A. Heller, Esq. |
| Florida Bar No. 139262 | Florida Bar No. 340881 |
| Email: tbb@thomasbaconlaw.com | Email: Jonathan@jhellerlaw.com |
| THOMAS B. BACON, P.A. | JONATHAN A. HELLER, P.A. |
| 644 North McDonald Street | 14 NE First Avenue, Suite 1105 |
| Mt. Dora, FL 32757 | Miami, FL 33132 |
| Tel. 954-478-7811 | Tel. 305-372-5000 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant Knife Management |
| Via CM/ECF | Via CM/ECF |

    /s/ Kathy L. Houston
Kathy L. Houston, Esq.